Case 4:25-cv-04782   Document 7   Filed on 10/14/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAO QIN WENG, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-4782 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER FOR EXPEDITED ANSWER

The petitioner, Chao Qin Weng, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery County Processing Center in Conroe, Texas. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention by federal officials. (Dkt. 1). As part of his request for relief, Weng asks the Court to order the respondents to show cause within three days why his petition should not be granted and to set an immediate hearing. (*Id.* at 6-7). He has also filed a Motion for a Temporary Restraining Order. (Dkt. 2).

Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the Court enters the following orders that will govern these proceedings.

I.   **BACKGROUND**

Weng is a Chinese national who first came to the United States in 2001. (Dkt. 1, p. 5). Upon arriving, he was designated an "arriving alien" by what was then the Immigration and Naturalization Service (INS). (*Id.*). He was immediately placed into removal proceedings, and an Order of Removal was entered on September 3, 2002. (*Id.*). On April 12, 2004, Weng's appeal to the Board of Immigration Appeals was dismissed, making the Order of Removal final. (*Id.*).

Despite the Order of Removal, Weng was not removed, likely because China was not accepting repatriation of its citizens at that time. It appears that Weng was released from INS detention under an Order of Supervision.

In September 2008, Weng married Lili Chen, who is a U.S. citizen. (*Id.* at 6). In May 2010, Chen filed a petition for a relative immigrant visa, referred to as a I-130 application, on behalf of Weng and identifying him as her husband. (*Id.*). This

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

petition was granted on December 13, 2010. (*Id.*). Granting this petition put Weng in line for a family-preference visa, but it did not grant him any type of lawful immigration status.

On January 17, 2025, Weng filed an application for adjustment of status (an I-485 application) with the USCIS, seeking to adjust his status to that of a legal permanent resident as the spouse of a U.S. citizen. (*Id.*). On October 2, 2025, Weng appeared for the in-person interview that is required during the consideration of his I-485 application. (*Id.*). At that interview, he was arrested and detained by ICE officials pursuant to the 2002 Order of Removal. (*Id.*). He remains detained in the Montgomery County Processing Center in Conroe. (*Id.*).

Weng contends that his arrest and detention without notice or hearing violate his Fifth Amendment due process rights and the applicable immigration statutes and rules. (Dkt. 1, pp. 7-10). He contends that his current detention is unlawful. (*Id.*). He seeks a declaration that his detention is illegal; a declaration that his continued detention is unconstitutional and in violation of federal law; and his immediate release from detention. (*Id.* at 11). He also asks the Court to issue an order requiring the respondents to show cause within three days why his petition should not be granted and to set an immediate hearing on the petition. (*Id.* at 5). In addition, Weng has filed a Motion for a Temporary Restraining Order, seeking an order that would enjoin his removal while his petition for writ of habeas corpus is pending. (Dkt. 2).

## II.   DISCUSSION

### A.   Request for a 28 U.S.C. § 2243 Hearing

As part of his request for relief, Weng asks the Court to issue an order requiring the respondents to show cause within three days why his petition should not be granted. (Dkt. 1, p. 5). He cites 28 U.S.C. § 2243, which provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. *It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.*

28 U.S.C. § 2243 (emphasis added). While this language would appear to require that the Court schedule an immediate hearing, case law demonstrates otherwise.

Although petitions under § 2241 were initially governed by the aggressive time limits set forth in § 2243, such petitions are now governed by the Rules Governing Section 2254 Cases in the United States District Courts, which were promulgated by the Supreme Court in 1976. *See Castillo, v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001). These Rules were developed under the Supreme Court's "power to prescribe general rules of practice and procedure and rules of evidence for

cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C. § 2072. Section 2072(b) specifically provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *Id.* And although § 2072(b) states that rules promulgated by the Supreme Court do not "abridge, enlarge, or modify any substantive right," the time for filing a response to a petition and the right to a hearing involve procedural rather than substantive rights.

After considering the provisions of § 2072, courts examining the interplay between § 2243 and the Rules Governing § 2254 Cases have concluded that "the strict time limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases." *Maniar v. Warden Pine Prairie Corr. Ctr.*, No. 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018) (collecting cases); *accord Cluchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985); *D.L.G. v. Collins*, No. A-20-CV-1126-RP-SH, 2020 WL 10355163, at *2 (W.D. Tex. Nov. 18, 2020); *Y.V.S. v. Wolf*, No. EP-20-CV-00228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020); *Taylor v. Gusman*, No. CV 20-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020); *Castillo*, 162 F. Supp. 2d at 576; *see also Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (holding that under §§ 2241 and 2243, a district court may "adjust the scope of the writ in accordance with equitable and prudential considerations"). Therefore,

the strict time limits in § 2243 are not mandatory but instead are subject to the discretion of this Court.

In this case, as in all habeas cases before this Court, equitable and prudential considerations support permitting the respondent time to conduct a reasonable investigation into the facts and circumstances underlying the petition before requiring a response or holding a hearing. As of the date of this Order, no service has been made on any of the respondents. Further, no meaningful investigation into Weng's petition could reasonably be completed within three days, nor could a hearing reasonably be held within five days of the return. Accordingly, the Court denies Weng's request for an immediate hearing.

### B. Emergency Motion for Temporary Restraining Order

Weng has also filed an emergency motion for a temporary restraining order, (Dkt. 2), asking the Court to enjoin the defendants from removing Weng from the United States while his petition for writ of habeas corpus is pending.

Weng invokes Federal Rule of Civil Procedure 65, which governs both temporary restraining orders and preliminary injunctions. A temporary restraining order preserves the status quo to prevent irreparable harm, but only until the court can hold an adversarial hearing on a preliminary injunction. *See* FED. R. CIV. P. 65(b)(1); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local 70*, 415 U.S. 423, 438-39 (1974). As the name implies, the relief is temporary

and expires 14 days after the order granting relief is entered. *See* Fed. R. Civ. P. 65(b)(2). Temporary restraining orders are generally disfavored and are rarely issued. *See Greer's Ranch Café v. Guzman,* 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021) (citing *Albright v. City of New Orleans,* 46 F. Supp. 2d 523, 532 (E.D. La. 1999)).

In contrast, a preliminary injunction preserves the status quo during the remainder of the litigation until the court can hold a trial on the matter. *See Univ. of Tex. v. Camenisch,* 451 U.S. 390, 395 (1981); *City of Dallas v. Delta Air Lines, Inc.,* 847 F.3d 279, 285 (5th Cir. 2017). Before issuing a preliminary injunction, the court must provide all parties with notice and an opportunity to be heard. FED. R. CIV. P. 65(a)(1). Once issued, a preliminary injunction remains in effect until the court grants final relief or otherwise modifies the order. *See Camenisch,* 451 U.S. at 395.

Preliminary injunctive relief of either type will be granted only if the moving party shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the moving party's favor; and (4) that issuing an injunction will not disserve the public interest. *See Jones v. Tex. Dep't of Crim. Just.,* 880 F.3d 756, 759 (5th Cir. 2018) (per curiam); *Canal Auth. of Fla. v. Callaway,* 489 F.2d 567, 572 (5th Cir. 1974) (en banc).

The relief sought by Weng is more akin to that provided by a preliminary

injunction rather than a TRO, since he seeks relief for the period during which his habeas corpus petition is pending. But Weng's pleadings do not, on their face, demonstrate a likelihood of success on the merits in light of his Order of Removal. Therefore, the Court denies the requested TRO. However, the Court will address Weng's concerns about his potential removal or deportation without notice below.

### C. Order For Expedited Answer

Despite denying Weng's request for a show cause hearing and a TRO, the Court is concerned by the events that resulted in Weng's current detention and the possibility that those events violated his constitutional rights. Accordingly, the Court **ORDERS** that this case will proceed based on the deadlines listed below.

1.  The Clerk must deliver copies of the petition, (Dkt. 1), the Motion for Temporary Restraining Order, (Dkt. 2), and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by certified mail return receipt requested, to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.  The Clerk must also serve copies of the petition, (Dkt. 1), the Motion for Temporary Restraining Order, (Dkt. 2), and this Order by certified mail on: (1) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Randy Tate,

Warden, Montgomery County Processing Center, 806 Hilbig Rd., Conroe, Texas 77301.

3.   Warden Tate must file an answer or other appropriate responsive pleading within **fourteen (14) days** after the date of service and must forward a copy to the petitioner's counsel. Warden Tate is advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, his motion will be treated as a motion for summary judgment and should be entitled as such.

4.   In addition to any defense, in law or fact, to a claim for relief by the petitioner, Warden Tate's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

5.   Whether Warden Tate elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), Weng must file any response within **7 days** of the date reflected on the certificate of service. Under the Court's local rules, Weng's failure to respond will be considered a representation that he does not oppose the motion. *See* S.D. Tex. L.R. 7.4. If Weng fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.      Weng has included as respondents to his petition Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Marcos Charles, Acting Executive Associate Director, ICE and Removal Operations; Bred A. Bradford, ICE Houston Field Office Director; and Pam Bondi, Attorney General of the United States. (Dkt 1). The Court questions whether these respondents are properly included in this petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). However, because the respondents other than Warden Tate have repeatedly asserted that they, rather than the Warden, are the sole arbiters of whether noncitizens are properly detained,[2] these respondents must also file a response to Weng's petition within **fourteen (14)**

---

[2]*See, e.g., Villanueva Herrera v. Tate, et al.*, No. 4:25-cv-3364 (S.D. Tex. Sept. 26, 2025), at Dkt. 12, p. 1 n.1 ("This response is filed on behalf of all named federal officials. As the Court previously noted, the proper respondent in a habeas petition is the person with custody over the petitioner. 28 U.S.C. § 2242; *see also* § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). *That said, it is the originally named federal respondents, not the named warden in this case, who make the custodial decisions regarding aliens detained in immigration custody under Title 8 of the United States Code.*") (emphasis added).

10/11

**days** from the date of service.

## III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Weng's request for an immediate show cause hearing is **DENIED**.

2. Weng's motion for a temporary restraining order, (Dkt. 2), is **DENIED**.

3. The respondents must notify Weng's counsel and the Court of any anticipated or planned transfer or deportation of Weng outside of the Southern District of Texas **at least five (5) days before** any such transfer. Upon receipt of such notice, the Court will reconsider Weng's motion for a temporary restraining order.

4. The respondents must respond to Weng's petition for writ of habeas corpus per the schedule outlined above.

**The Clerk of Court will provide a copy of this Order to the parties.**

SIGNED at Houston, Texas on _____Oct 14_____, 2025.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE